Opinion of the Court, By
Judge Owsley.
, THIS was a petition and summons, brought against Lewis Castleman, William S. Dallam, .Richard M. Johnson, James Johnson, William Ward, Uriel Sebree, John Brandt and J.acob Foster, by Israel Kinsman, upon a note for cine hundred and five dollars and forty-* four cents, signed “ Lewis Castleman and Co.”
The petition was filed with the clerk of the Fayette circuit court, and a summons issued to the sheriff of that county, on the 9th of January 1823, against all the defendants,' and was returned, “ Executed on Lewis Castleman, jun. by delivering to him a true copy of this petition and summons. Richard M. Johnson, James Johnson, William Ward, Üíiet Sebree, John Brandt and Jacob Foster, are no inhabitants of my bailiwick. (Signed) Ro. G. Dudley, D. S. for John C. Richardson,S. F-C.”
Return of the °(
piea by one defendant, ^ ^j. ab¿*etl others ¡0^° consequence of sheriff’s return'
Trial and ar-be-?a»se peti-v°n clid.,not-note. ■
0) Petition and summqns taínecT ra^ln gainst all the members of a noTesubscrib-ed by the name of one •ofthem‘‘anA
, a (;ep„t“rn sheriff ef th* county whore brou^ht that part^of’ the defendants are noinhab-baiHwick, '& of the deputy sheriff of an-Sí',?™1 no inhabi-tauts of hia not'authorise an abatement as to them,
*211 There also issued, on the same day, a summons to the sheriff of Sc.'ott county, against all the defendants, and was returned, “Executed on the within named James Johnson, February 20.tb, 1823, by delivering a true copy of the within summons and petition. Richard M. Johnson not found." The. other defendants named within, are no. inhabitants of my county. (Signed) A; Smith, D. S. for John Thompson, S. S. Q.”
At the March term thereafter, Dallam appeared and pleaded non est factum, and the. suit'was abated .as to the, defendants, Ward, Sebreé, Brandt and Foster, in consequence o.f the sheriff’s return upon the summons, andan alias summons was ordered, against Richard M. Johnson. A pluries summons was also ordered, at a subsequent terna,against Richard M. Johnson, and was returned “ executed,” by the sheriff of Scott, to whom it was directed. '
At the September terna 1823, the issue tpada. up te Dallam’s plea was found against him by the jury, ^he other defendants upon whojn process had. served, falling to appear, judgment was rendered. against them and-Dallam, for the debt, interest and •
Errors were then filed, in arrest of-judgment, by the, defendants, and the judgment was accordingly arrested;
The only ground relied upon in a.rrest of judgment tn the court b.elow, is,' that the. note upon which the, suit is founded does not justify the proceedings by petition and summons against the defendants.
(1) We cannot, however, admit that the judgment ought to have been arrested'on that ground. Though only signed bjr the name of “Castleman apd Co.” the. note is unquestionably binding upon all ,of the. partners of the firm trad ing under the sty le of Castleman arid Co.; and as it 'is for the direct payment of rrioney, comes emphatically within the act of assembly, author-isitig the holder of a note to sue thereon' by petition and supnmons. ‘ '
But, without cont.rq.verting the propriety of. the ac.-. tioh brought by Kinsman, other objections to the proceedings in the court, were, taken in the argument at, the bar,'for which it was insisted, the judgment ought, not to be reversed. ‘ *
(2) It was contended, tliat the, return of the sheriffs upon the summonses which went to Fayette and Scott, *212 did not authorise an abatement of the action as- to any of thé defendants; andas the action was abated as to Ward, Sebree, Brandt and Foster, it was contended that the judgment thereafter rendered against the. other defendants, was erroneous, and of course correct- ^ arrestccF
bccauseibe’ action had been improp-as‘to^iartof the defeudUs, is essentially íliíFi*reixt(rom cause the action could tabled hTtiie form it was brought last-'1' thi'"1" batc’mmt should be tiTc/ui'sc & prjoo''dSrram Miaf point; in the latter, procecditigs can be had.
*212 That the abatement was not authorised by the returns of the sheriffs, is a propositan we shall not attempt to COntrovert. if the sheriff had returned upon the sum-nnons which issued to Fayette, that the defendants, Ward, Sebree, Brandt an'd Foster, were no inhabitants 0f that county, as was done by the sheriff upon the summons which went to the county of Scott, íbero would have been no legal objection to the abatement; but such is not the import of the return upon the sum; mons to Fayette. The return upon that summons was made by the deputy sheriff, and instead of going to show that eitiier of the defendants was no inhabitant, it barely states part of the defendants to be no inhab-. jtants p'f his bailiwick, between which and the county, there is, in legal contemplation, an essential difference; and it is only in the case of a defendant being returned no inhabitant of his county, by a sheriff, that the actof assembly authorises an abatement.
(3) It is true, the summons which went to Scott con-the S0I't of. ret urn winch, in the general, tolerates an abatement; but, under the circumstances of this case, the effect must be otherwise; /or the action was Comtnenced in the county of Fayette, and although Part °f the defendants are returned by the sheriff of Scott, to be no inhabitants of that county, they may nevertheless be inhabitants of Fayette; and as (hey are-{ sjlown t0 ke otherwise, by the return of the Fay-cite sheriff, the action ought not to have been abated as co them.
But whilst we admit the order abating the action as to part of the defendants, to be irregular, we cannot admit that the judgment of the court below ought to be Pennitted to stand. Upon the supposition of the abate-¿nonl being irregular, it was, no doubt, correct to > •.■rest the judgment; but the effect of an arrest of judgment ^01’ £S widely different from an arrest o'" judgment for the cauro for which the judgment-wv: .-crested by the court beíotv»
Judgment for ^1™; F arresting the rever®ed Y.1jtv directions to arrest the ju(1S™el,t ^ "Jia,, derof abále-m®n* & P1'0-1
Dana, for plaintiff; Wickliffc, for defendants.
in the former case, after arresting the judgment,'the error in ordering of the abatement should be corrected, and the proceedings directed to commence at that point; whereas, in the latter case, as the judgment was arrested on the ground of the action being misconceived, there could be no further proceedings in the.action, and if the judgment were permitted to stand, the plain-tiiF would be concluded from prosecuting apetition and summons upon the note held by him against the defendants.
To avoid such a consequence, therefore, the judgment must be reversed with costs, and the cause manded to the court below, and the judgment which was entered in that court in favor of the plaintiff, must he set aside, togethqrwith the order abating the action as to part of the defendants, and such proceedings there liad, as may either cause the process to be executed upon Ward, Seljree, Brandt and Foster, or such return nla dc thereon as will authorise an abatement as to them, and such further proceedings there had, as may be con.sistent with this opinion.